If the fractions of a dollar be expressed in figures, the note is not therefore void, but the fractions will be rejected.

## *PILIE* vs. *MOLLERE.*

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. The present suit is brought on the note which was the ground of the case between these parties in July term last. *Vol.* 2, 666.

The plaintiff now declares on a note, for $2171, considering the 38 cents, which are written in figures, and not in words, at full length, (as the act requires,) as if they were not written.

There was a plea of the general issue, and a judgment of non suit. The district court being of opinion that the note was not obligatory, and could not be given in evidence.

The note was executed on January 5th, 1824,

while an act of the legislature, (since amended) was in full vigor. This act, approved on the 1st of March, 1823, provides that, after the 1st of April following, no promissory note shall be obligatory or admissible in evidence, unless the sum of money therein expressed to be payable, be expressed in *words at full length*.

It is clear that the strict sense of the words used supports the decision of the judge *a quo*, and when the case was before us last year, we were inclined to believe, that when it became necessary to pronounce the opinion of this court, on the construction of the act, we should be obliged to adopt his conclusion.

On maturer reflection, we think that it leads to disastrous and absurd consequences, manifestly contradictory to common reason. In such cases, we deem it our duty to avoid a strict literal construction, in order to avert a result, evidently in opposition to the presumed will of the legislature; believing that the expressions used leave it doubtful, whether the legislature meant that the note should be *absolutely* void of obligation and inadmissible in evidence, or whether it should be so only

East'n. District.
*July* 1825.

PILIE
*vs.*
MOLLERE.

for the part in which its directions have been disregarded.

If the fractions of the cents only were in figures, as if a note was for five hundred dollars, sixty cents & 1-4, it would be monstrous to say the note should be considered as a nullity. The present case is nearly as strong.

Judges must construe the law, if possible, to prevent waste & destruction, *ut res magis valeat quam pereat*, and they must not suffer what is useful to be vitiated by what is useless: *utile per inutile non vitiatur.*

We consequently think it our duty to say that the note is obligatory and admissible in evidence, as to the part of it, in which the directions of the legislature have been complied with; that the cents, as with regard to them these directions were disregarded, are to be considered as not expressed, and their being in figures does not vitiate the note, so as to prevent its being obligatory and admissible in evidence.

The act of last session, which amends the former, may, in some degree, afford a clue, by which we may be enabled to discover the will of the legislature. Indeed, it is a quasi legislative construction of the former.

The testimony supports the plaintiff's claim.

It is therefore ordered, adjudged and de-
creed that the judgment of the district court be
annulled, avoided and reversed, and that there
be judgment for the plaintiff, for two thousand
four hundred and seventy-seven dollars, with
interest at five per cent., from the time of the
protest, according to the act of 1822, p. 44, and
costs in both courts.

*Derbigny* for the plaintiff, *Hennen* for the defendant.